JAMES S. CAHILL, PETITIONER, v. FRANKLIN TRUST COMPANY, RESPONDENT-PROSECUTOR.

Submitted January 19, 1937—Decided April 21, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Alexander Avidan.*

For the petitioner, *Maurice A. Kaltz (John W. Griggs,* of counsel).

PER CURIAM.

This is a workmen's compensation case. Apart from a minor matter of practice, presently to be disposed of, the question before us is simply whether the disability, fully proved and not substantially denied, arose from an accident which occurred in the course of the employment.

Petitioner was a night watchman at the building of the defendant trust company. He was afflicted with diabetes, though apparently he did not know it at the time of the accident to which he testified. His story was that on the night in question he had a callous area on a toe of the right foot, and while he was making one of his rounds he stubbed that toe against the foot of a chair which lacked a caster and which condition had caused the chair to be set aside; that at once he felt acute pain in the toe, which increased in the course of the night; that prior to this the toe had caused some pain, but very little, and had not interfered with his work. He stayed out his time, and when the superintendent of the building came in at six-thirty A. M., petitioner was seated in a

chair with his coat and hat on, and according to the superintendent's testimony, "had an awful pain in his foot. He couldn't stand on it," but "hobbled to the corner" where the bus stopped, and so went home. The evidence shows that after home treatment he was taken to the hospital dispensary and reported to the doctor there that he had "bunked [the foot] against a chair." Petitioner went home, but returned to the hospital two days later. The hospital physician suspected diabetes, and examination of the urine confirmed that suspicion. At the time of the petitioner's return, there were signs of incipient gangrene. From this point the case progressed to an amputation of the leg below the knee.

A petition was filed in due course, and the case was tried before a deputy commissioner, who made an award of temporary disability up to that time, reserving the matter of permanent disability to await ultimate results of the amputation and later treatment. From this point the record as laid before us seems somewhat confused, but there appears to have been an appeal to the Pleas and an affirmance or dismissal in that court. The printed case does not show it, but there was a rule to show cause for a *certiorari*, which was before us as case No. 239 of the May term, 1936, and was continued for the term. The rule was argued at the October term (No. 215) and writ allowed. By this time there had been a second award, embracing the permanent disability, and an appeal of this to the Pleas and affirmance therein. All this has come before us at the present January term, and is ripe for decision.

On the general merits, the bureau and the Common Pleas both found that an accident in the course of the employment and arising out of it, was a substantial contributing cause of an indubitable temporary and permanent disability. Our independent examination of the evidence leads us to the same result. As to the stubbing of the toe, the testimony of petitioner could be contradicted only by inference if at all, and is corroborated in a measure by his declarations to a physician for the purpose of medical treatment. And the inference was entirely reasonable, from the testimony, that this accident aroused a diabetic tendency to gangrene from a traumatic cause.

As to the state of the record, the claim is that there is a double judgment to which prosecutor should not be subjected. As we read the record, the temporary earlier award is merged in the second and final award. We conclude that the second judgment in the Pleas on appeal, embracing both temporary and final disability, should be affirmed, with directions to mould the record there in such wise as to show on the face of things that the earlier award is merged in the later one. Rule may be entered accordingly.